# CRAIG D. ROBINS
### ATTORNEY AT LAW
_____

35 PINELAWN ROAD, SUITE 218-E
MELVILLE, NEW YORK 11747
TEL (516) 496-0800
FAX (516) 682-4775

September 11, 2015
<u>Via ECF</u>

Honorable Arthur D. Spatt, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, NY 11722

                                                                                            Re:    **Eastern Savings Bank, FSB**
                                                                                               **v. Robinson**
                                                **Case No.:**    **13-CV-7308**

Dear Judge Spatt:

      We are counsel to the Defendant-homeowners, Richard Robinson and Gail Robinson. Pursuant to your Honor's Individual Motion Practices, we are filing this letter to request a pre-motion conference to bring a cross-motion for summary judgment pursuant to FRCP 56(a), and to also adjust the existing briefing schedule with regard to Plaintiff's pending motion for summary judgment, to accommodate filing the cross-motion, if acceptable to the Court.

      I am aware of Your Honor's request that such a letter be limited to two pages. However, I respectfully suggest that it is necessary to provide a procedural history.

      This is a residential foreclosure action. The Plaintiff previously sought permission to bring a motion for summary judgment. At a pre-motion conference before the Court on June 1, 2015, the parties agreed to a briefing schedule with regard to the Plaintiff's Motion for Summary Judgment. The briefing schedule required the Plaintiff to file its motion on or before July 1, 2015, the Defendants to file their opposition on or before August 1, 2015, and the Plaintiff to file its reply on or before August 15, 2015.

Honorable Arthur D. Spatt, U.S.D.J.
September 11, 2015
Page 2

      Several weeks thereafter, the attorneys for the parties engaged in active good faith settlement discussions in which the parties sought a non-judicial resolution.  This court is probably aware that New York State courts have encouraged parties in foreclosure cases to engage in good faith settlement discussions and require mandatory settlement conferences during which time litigation is stayed.  Although the state court rules which promulgate settlement conferences are not applicable in federal court, we previously asked this Court to take notice of the important public policy behind giving homeowners the opportunity to resolve foreclosure matters.  In that regard, the Court extended the dates to file papers on several occasions.

      On August 3, 2015, I filed a motion by letter seeking a one week extension of time <u>on consent</u>, in which I advised the Court that the parties were engaged in settlement discussions.  That motion was granted pursuant to an order dated August 5, 2015.

      However, during the following week the attorneys for the Plaintiff were still awaiting word from their client as to its position regarding the latest settlement discussions.  Since the Plaintiff-mortgagee did not get back to their attorneys during that time period, we filed a second motion by letter on August 7, 2015 requesting the Court's permission <u>on consent</u> for an additional extension of time.  The Court granted that request pursuant to an order dated August 10, 2015.  That Order provided that the Defendants shall serve their opposition papers by August 25, 2015 and the Plaintiff shall serve its reply papers by September 8, 2015.

      Thereafter I filed an additional motion by letter seeking an additional extension.  The reason for this extension was that despite communications with Plaintiff's attorneys during the prior several-week period, they had not provided a definitive response from their client, and instead requested additional information with regard to a possible deed in lieu of foreclosure settlement.

      In response, Your Honor extended the dates for the Plaintiff's motion for summary judgment and directed that the Defendants serve their opposition papers by September 11, 2015 and the Plaintiff serve its reply papers by September 25, 2015.

      We had hoped that the parties would be able to agree upon a settlement and enter into a deed in lieu of foreclosure agreement involving a moving allowance.  However, despite a number of communications back and forth, the parties could not reach a mutually agreeable arrangement.

Honorable Arthur D. Spatt, U.S.D.J.
September 11, 2015
Page 3

      Now, after careful review of the submissions tendered by Plaintiff with regard to its motion for summary judgment, it has become apparent that Defendants should bring their own motion for summary judgment, incorporating their opposition to Plaintiff's motion for summary judgment, and seeking summary judgment on their 10th Affirmative Defense and Second Counterclaim.

      The Defendants previously sought Chapter 7 bankruptcy relief and were granted a full discharge.  The bankruptcy discharge did not impair Plaintiff's *in rem* rights to foreclose.  However, the discharge did eliminate any *in personam* obligation for Defendants to pay any money to Plaintiff.  Bankruptcy Code  § 524 provides that a discharge operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

      Nevertheless, Plaintiff, in the prayer for relief in its Amended Complaint, seeks an order directing Defendants to essentially pay any deficiency that may arise if the proceeds of a foreclosure sale are insufficient to satisfy the balance owed on the mortgage loan.  Although the Plaintiff prepared the Amended Complaint prior to the time the Defendants filed for bankruptcy relief, the Plaintiff had an ongoing obligation to revise and amend its pleadings so as to not violate the Bankruptcy Court's Order of Discharge.  Thus, by failing to amend its prayer for relief after the Defendants received a discharge, the Amended Complaint violates the bankruptcy discharge, and consequently, the Amended Complaint must be dismissed.

      In its motion for summary judgment, Plaintiff addresses this issue and claims that this position lacks merit since, pursuant to New York RPAPL § 1371(2), a mortgagee may not move for a deficiency judgment against a mortagor until after the sale of the mortgaged premises.  However, this does not change the fact that Plaintiff pleaded very clearly that it was seeking a deficiency, which is in violation of the order of discharge.  In addition, by doing so, Plaintiff improperly and unjustly shifted the burden to the Defendants by forcing them to take affirmative action that they would not have had to take, being to defend Plaintiff's suit and assert that there was no *in personam* liability by virtue of the discharge.

      In light of the above, as a matter of law, Defendants are entitled to summary judgment dismissing the Amended Complaint, as well as sanctions and attorneys fees for violating the discharge injunction.

Honorable Arthur D. Spatt, U.S.D.J.
September 11, 2015
Page 4

      Due to the ongoing negotiations and communications that occurred during the past several weeks at which time the parties had hoped to reach a settlement, the Defendants have not yet served Plaintiff with a Rule 56.1 Statement, and additional time is respectfully requested to do so before filing the cross-motion for summary judgment.

      Accordingly, we respectfully request the Court schedule a pre-motion conference to set a revised briefing schedule that will enable Defendants to incorporate their opposition to Plaintiff's pending motion for summary judgment as well as file and provide support for their cross-motion for summary judgment.

      Thank you for your courtesies in this matter.

      Respectfully yours,

      */s/ Craig D. Robins*

      Craig D. Robins (CDR-5938)

cc: Jerold C. Feuerstein, Esq. (Via ECF and email)