UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
EASTERN SAVINGS BANK, FSB,

                        Plaintiff,                    Civil Case No. 13-cv-07308
                                                                   (ADS) (SIL)

      -against-

RICHARD ROBINSON A/K/A RICHARD A. ROBINSON, GAIL ROBINSON, AMERICREDIT FINANCIAL SERVICES, INC., LI ANESTHESIOLOGIST PLLC, and QUINN ROBINSON,

                        Defendants.
-------------------------------------------------------------------x

## PLAINTIFF'S COUNTER STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Local Rule 56.1, Plaintiff Eastern Savings Bank, fsb, submits the following Counter-Statement of Material Facts pursuant to the Statement of Material Facts filed by Defendants Richard Robinson a/k/a Richard A. Robinson and Gail Robinson ("Defendants").

1.     Plaintiff, Eastern Saving Bank FSB ("Plaintiff") commenced a foreclosure Action on December 23, 2013 to foreclose on a mortgage given to Defendants ("Mortgage"). Plaintiff served the Defendants with the pleadings in January 2014.

**Counterstatement:** Admit

2.     Plaintiff amended the complaint "("Amended Complaint") on January 27, 2014.

**Counterstatement:** Admit

3.     In the Amended Complaint, in its prayer for relief, Plaintiff seeks an order essentially requesting a deficiency judgment, by directing Defendants to essentially pay any deficiency that may arise if the proceeds of a foreclosure sale are insufficient to satisfy the

balance owed on the mortgage loan. In particular, the Wherefore clause, on page 7 of the Amended Complaint, states, in relevant part:

> WHEREFORE, the Plaintiff demands judgment that the defendant(s) and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action. . . and that the Defendants, Richard Robinson a/k/a Richard A. Robinson and Gail Robinson, may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment. …

**Counterstatement:** Admit that the Wherefore clause in the Amended Complaint filed on January 27, 2014, requested Defendants may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment. The Amended Complaint was filed before Defendants obtained their discharge in bankruptcy on July 2, 2014.

4. On March 28, 2014, Defendants filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Eastern District of New York under Case No. 8:14-71336-ast (the "Bankruptcy Case"). The Schedules to the Bankruptcy Petition listed Plaintiff and Plaintiff's debt for the Mortgage. The Bankruptcy Court served Plaintiff with a copy of the Bankruptcy Notice of Commencement and the Notice of Bankruptcy Discharge.

**Counterstatement:** Admit

5. As a result of the bankruptcy filing, pursuant to 11 U.S.C. section 362, the automatic bankruptcy stay went into effect, staying all matters before this court. Plaintiff acknowledged the automatic stay.

**Counterstatement:** Admit

6. Plaintiff did not litigate any issue in the Bankruptcy Case and did not seek a determination that the debt Defendants owed to Plaintiff by virtue of the Mortgage was non-

dischargeable. Plaintiff did not seek to have Defendants reaffirm the Mortgage and Defendants did not reaffirm the Mortgage.

**Counterstatement:** Admit

7. Bankruptcy Court Judge Alan S. Trust granted the Defendants a Chapter 7 discharge on July 2, 2014 by issuing the Defendants an Order of Discharge. A copy of the Order of Discharge is attached hereto as Exhibit A.

8. Plaintiff has duly acknowledged the bankruptcy filing and discharge. See Plaintiff's Rule 56.1 Statement of Material Facts.

**Counterstatement:** Admit

9. By virtue of the bankruptcy filing and Order of Discharge, Defendants' personal obligation to pay any money to any of its scheduled creditors was discharged, and this included Defendants' obligation to pay any money to Plaintiff with regard to the Mortgage.

**Counterstatement:** Plaintiff admits that as a result of the Order of Discharge, Defendants do not have to pay any deficiency claim that Plaintiff otherwise may be entitled to in the event any deficiency existed upon the foreclosure sale of the Defendants' property, and that Plaintiff may only look to the Defendants' real property in which Plaintiff has a lien upon.

10. After the bankruptcy filing, Plaintiff did not amend its prayer for relief in the Amended Complaint or engage in any affirmative act to indicate that the Bankruptcy Discharge discharged Defendants' in personam liability on the mortgage.

**Counterstatement:** Plaintiff did not amend its prayer for relief in the Amended Complaint, however, Plaintiff, affirmatively acted to indicate that the Bankruptcy Discharge discharged the Defendants' in personam liability on the mortgage. On February 24, 2015, Eastern filed its Reply to Counterclaims (Docket No. 31), in which it states as its Fifth Affirmative Defense, "[t]he Defendants' Counterclaims are barred by the fact that any request(s) contained in the Complaint on account of monetary obligations which the Defendants could have owed to Eastern, were made prior in time to the date that Defendants (i) filed for Chapter 7 bankruptcy, and (ii) obtained a Chapter 7 discharge in connection

therewith." *See* Reply to Counterclaims, ¶ 8. Moreover, the Wherefore clause of the Reply to Counterclaims provides, "Eastern demands judgement against Defendants and each and every other defendant in this action for the relief contained in the Complaint, *except with respect to those portions of the Complaint which seek to recover monetary obligations of the Defendants as they existed prior to obtaining a Chapter 7 discharge* …" *See* Reply to Counterclaims. (emphasis added). Eastern reiterated its intention not to seek a deficiency again in September 22, 2015 letter to this Court (Dkt No. 52).

11. On January 22, 2015, Defendants filed an answer to the Amended Complaint ("Answer") which contained several affirmative defenses and counterclaims. Defendants' Tenth Affirmative Defense essentially that Plaintiff had an affirmative obligation to revise and amend its pleadings to remove any prayer for relief seeking a deficiency judgment so as to not violate the Order of Discharge.

> **Counterstatement:** Plaintiff admits that on January 22, 2015, Defendants filed its Answer in which the Tenth Affirmative Defense states, among other things, " … the Plaintiff had an ongoing obligation to revise and amend its pleadings so as to not violate the Bankruptcy Court's Order of Discharge."

12. Defendants' Second Counterclaim seeks damages against Plaintiff for having violated the Order of Discharge.

> **Counterstatement:** Admit.

Dated: New York, New York
November 23, 2015

                                    KRISS & FEUERSTEIN LLP

                                    By: */s/ Jerold C. Feuerstein*
                                          Jerold C. Feuerstein (JF 9829)
                                          Greg Friedman (GF 4506)
                                  *Attorneys for Plaintiff Eastern Savings Bank, fsb*
                                  360 Lexington Avenue
                                  Suite 1200
                                  New York, New York 10017
                                  (212) 661-2900
                                  jfeuerstein@kandfllp.com