FILED
CLERK
2/4/2016 9:49 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
EASTERN SAVINGS BANK, FSB,

                Plaintiff,

   -against-

RICHARD ROBINSON A/K/A RICHARD A. ROBINSON, GAIL ROBINSON, AMERICREDIT FINANCIAL SERVICES, INC., LI ANESTHESIOLOGIST PLLC, and QUINN ROBINSON,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**
13-cv-7308(ADS)(SIL)

**APPEARANCES:**

**Kriss & Feuerstein, LLP**
*Attorneys for the Plaintiff*
360 Lexington Avenue, Suite 1200
New York, NY 10017
     By:   Jerold C. Feuerstein, Esq., Of Counsel

**Craig D. Robins, Esq.**
*Attorney for the Defendants Richard Robinson a/k/a Richard A. Robinson and Gail Robinson*
180 Froehlich Farm Blvd.
Woodbury, NY 11797

**NO APPEARANCE:**

**Americredit Financial Services, Inc.**
*Defendant*

**LI Anesthesiologist PLLC**
*Defendant*

**Quinn Robinson**
*Defendant*

**SPATT, District Judge:**

On December 23, 2013, the Plaintiff Eastern Savings Bank, FSB (the "Plaintiff" or "Bank") commenced this action against the Defendants Richard Robinson a/k/a Richard A. Robinson, Gail Robinson, Americredit Financial Services, Inc. ("Americredit"), and LI Anesthesiologist PLLC ("LI Anesthesia"), to foreclosure on a mortgage that was secured by certain real property located in West Babylon, New York.

On January 27, 2014, the Plaintiff filed an amended complaint, adding one Quinn Robinson as a Defendant.

On January 22, 2015, the Defendants Richard Robinson and Gail Robinson answered the amended complaint and asserted various affirmative defenses and counterclaims. To date, the Defendants Americredit, LI Anesthesia, and Quinn Robinson have not answered the amended complaint, or otherwise appeared in this action. On July 1, 2015, the Clerk of the Court noted their default.

Presently before the Court is a motion by the Plaintiff, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56, for summary judgment. Also before the Court is a cross-motion by the Defendants Richard Robinson and Gail Robinson (the "Moving Defendants") seeking summary judgment on one of their counterclaims against the Bank.

For the reasons that follow, the Plaintiff's motion for summary judgment is granted and the Moving Defendants' cross-motion for summary judgment is denied.

## I. Background

Unless otherwise noted, the following facts are not in dispute.

### A. The Note and Mortgage

On or about January 9, 2008, the Bank tendered a loan to the Moving Defendants in the principal sum of $225,000. The Moving Defendants executed a promissory note in favor of the Bank in the same amount (the "Note"). The Note was secured by a mortgage (the "Mortgage") on certain real property owned by the Moving Defendants, which is known as 734 Carlton Road in West Babylon (the "Premises"). There is no dispute that the Mortgage was duly recorded by the Suffolk County Clerk and constitutes a valid first priority lien on the Premises.

The Note and Mortgage obligated the Moving Defendants to make monthly payments in satisfaction of the loan principal, together with interest and other related charges. It is undisputed that the Moving Defendants failed to make any of their required monthly mortgage payments after April 13, 2013.

As stated above, on December 23, 2013, the Plaintiff commenced this action, pursuant to the New York Real Property Actions and Proceedings Law ("RPAPL") seeking to foreclose on the Mortgage.

Also as noted above, the complaint was amended on January 27, 2015, in order to add the Defendant Quinn Robinson. However, the amended complaint was substantively indistinguishable from the original complaint.

Relevant here, the amended complaint contains the following prayer for relief:

> WHEREFORE, the Plaintiff demands judgment . . . that the Defendants, Richard Robinson a/k/a Richard A. Robinson and Gail Robinson, may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment . . .

Am. Compl. at 7.

The Court will refer to this portion of the Bank's prayer for relief as the "Deficiency Claim."

**B. The Moving Defendants' Bankruptcy Proceeding**

On or about March 28, 2014, the Moving Defendants filed a joint petition for relief under Chapter 7 of the United States Bankruptcy Code. This civil foreclosure action was stayed during the pendency of that proceeding.

Apparently, on July 2, 2014, the Bankruptcy Court granted the Moving Defendants an order of discharge (the "Discharge Order"), which released them from various personal obligations, including repayment of the Mortgage loan. A copy of the Discharge Order was not provided for the Court's review. However, the parties do not dispute its existence or import.

**C. The Continuation of this Foreclosure Action**

On January 22, 2015, following the conclusion of their bankruptcy case, the Moving Defendants filed an answer to the amended complaint, which included thirteen different affirmative defenses and two affirmative counterclaims.

Relevant here, the Moving Defendants' tenth affirmative defense alleges that the Deficiency Claim, which purports to seek a personal judgment against them for

4

any monetary deficiency remaining after a sale of the Premises, is invalid because the Discharge Order eliminated their personal responsibility to repay the Mortgage Loan.

Similarly, the Moving Defendants' second counterclaim alleges that the Bank had an affirmative obligation to amend their prayer for relief in order to reflect the Discharge Order, namely, by deleting the Deficiency Claim. In this regard, the Moving Defendants assert that the Bank's failure to so amend its pleading constitutes a violation of the Discharge Order, entitling them to dismissal of the foreclosure action and associated damages.

In its reply to the Moving Defendants' counterclaims, the Bank denied these allegations and clarified their position as follows:

> [A]ny request(s) contained in the Complaint on account of monetary obligations which the Defendants could have owed to Eastern, were made prior in time to the date that the Defendants (i) filed for Chapter 7 bankruptcy, and (ii) obtained a Chapter 7 discharge in connection therewith.
>
> WHEREFORE, Eastern demands judgment against Defendants . . . for the relief contained in the Complaint, *except with respect to those portions of the Complaint which seek to recover for monetary obligations of the Defendants as they existed prior to obtaining a Chapter 7 discharge . . .*

See Docket Entry [31] (emphasis supplied).

**D.  The Present Motions**

On July 1, 2015, the Bank filed a motion, pursuant to Fed. R. Civ. P. 56, seeking summary judgment on its foreclosure claim and dismissal of the Moving Defendants' affirmative defenses and counterclaims. The Court notes that the

5

Bank does not seek to recover any monetary judgment as against the Moving Defendants, individually.

On October 23, 2015, the Moving Defendants filed an opposition to the Bank's motion, and a cross-motion for summary judgment. In particular, the Moving Defendants contend that they are entitled to summary judgment on the second counterclaim, outlined above, which is based on the Bank's alleged violation of the Discharge Order. As noted above, the Moving Defendants contend that the appropriate relief for this violation is dismissal of the entire foreclosure action and monetary damages.

The Court notes that, on September 22, 2015, in response to the Moving Defendants' request for a pre-motion conference, the Bank stated the following in a letter that it filed with the Court: "Eastern has already stated, and will reiterate here that it does not intend to seek a deficiency against the Defendants."

## II. Discussion

### A. The Applicable Legal Standards

Under Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The Court 'must draw all reasonable inferences and resolve all ambiguities in favor of the non-moving party.'" Castle Rock Entm't, Inc. v. Carol Publ'g Grp., Inc., 150 F.3d 132, 137 (2d Cir. 1998) (quoting Garza v. Marine Transp. Lines, Inc., 861 F.2d 23, 26 (2dCir. 1998)).

6

### B.   The Plaintiff's Motion for Summary Judgment

At the outset, the Court notes that, although the Discharge Order extinguished the Moving Defendants' underlying personal liability on the Note, the Bank's lien on the Premises survived the Discharge Order intact as an *in rem* liability, permitting the Bank to resume this action to foreclose on the Mortgage. See Johnson v. Home State Bank, 501 U.S. 78, 84, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991) ("Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a 'right to payment' in the form of its right to the proceeds from the sale of the debtor's property. . . . [A] bankruptcy discharge extinguishes only one mode of enforcing a claim – namely, an action against the debtor *in personam* – while leaving intact another – namely, an action against the debtor *in rem*."); see also In re Rogers, 489 B.R. 327, 334 (D. Conn. 2013) ("Even though the debtor . . . has obtained a discharge related to the same property in a prior Chapter 7 case, the Chapter 7 discharge was of his in personam liability only. The in rem lien on the real property is wholly separate from the debtor's personal liability on the property; the former gives a creditor recourse as to the property itself, independent of any personal liability of the debtor");  United States v. Sillaway, 91-cv-0168E, 1993 U.S. Dist. LEXIS 7578, at *1 (W.D.N.Y. June 8, 1993) (holding that bankruptcy discharge "extinguishes the mortgagor's underlying personal liability on the note," but that "the lien on the mortgaged property survives the discharge intact as an *in rem* liability and the lien holder is allowed to foreclose on such lien").

Satisfied that the Bank is within its rights to pursue summary judgment as to its *in rem* right to foreclose on the Mortgage, independent of any *in personam* right to payment that was eliminated by operation of the Discharge Order, the Court will now turn to the merits of the Bank's motion.

**1. The Relevant Burdens of Proof**

" 'In a New York mortgage foreclosure action, a plaintiff makes a prima facie case – with summary judgment appropriate if nothing else is shown – where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor.' " Wells Fargo Bank, N.A. v. Ullah, 13-cv-485, 2015 U.S. Dist. LEXIS 77175, at *10 (S.D.N.Y. June 15, 2015) (quoting E. Sav. Bank, FSB v. Bright, 11-cv-1721, 2012 U.S. Dist. LEXIS 93082, at *7-*8 (E.D.N.Y. July 5, 2012)); see E. Sav. Bank, FSB v. Ferro. 13-cv-5882, 2015 U.S. Dist. LEXIS 22021, at *19 (E.D.N.Y. Feb. 24, 2015) (same).

If "a plaintiff meets its prima facie burden and the defendant does not contest those facts, a presumptive right to collect the overdue amount exists that can only be overcome by showing a meritorious affirmative defense." Bright, 2012 U.S. Dist. LEXIS 93082, at *8; see 1077 Madison St., LLC v. Smith, 13-cv-7182, 2015 U.S. Dist. LEXIS 135025 (E.D.N.Y. Aug. 27, 2015) (Report and Recommendation) (same), adopted, 2015 U.S. Dist. LEXIS 134173 (E.D.N.Y. Sept. 30, 2015). In that regard, the burden shifts to the mortgagor to produce admissible evidence of such an affirmative defense. See Bright, 2012 U.S. Dist. LEXIS 93082, at *8 (citing Regency

8

Sav. Bank, F.S.B. v. Merritt Park Lands Assocs., 139 F. Supp. 2d 462, 465 (S.D.N.Y. 2001)).

    2.    **Application**

        a.    **The Bank's Prima Facie Case**

At the outset, the Court notes that the Bank's motion is substantially unopposed. In particular, the Moving Defendants did not respond to the Plaintiff's statement of undisputed facts, pursuant to Local Civil Rule 56.1. Nor did they state any facts relating to the foreclosure action in their own 56.1 Statement. Nor did they assert in their legal memoranda that the Bank's version of the relevant facts is disputed. In fact, there is no mention of the Bank's motion for summary judgment anywhere in the Moving Defendants' legal memoranda. Rather, their entire presentation consists of arguments relating to their operative counterclaim, namely, that the Bank violated the Discharge Order.

The Court further notes that the Moving Defendants did not submit any evidence, either in support of their cross-motion or in opposition to the Bank's motion. Instead, their motion papers consist entirely of legal memoranda and a Rule 56.1 Statement, which itself makes reference to an exhibit, which is not annexed.

By contrast, the Bank submitted valid copies of the Note and Mortgage, together with the relevant loan documents. In addition, the Bank provided copies of notices that were sent to the Moving Defendants on June 5, 2013 and September 3,

9

2013, notifying them that they were in default under the Note and Mortgage and at risk of losing their home, together with proof of mailing.

The Plaintiff also submitted an affidavit by one Terry Brown, a Senior Asset Manager at the Bank, who stated that he has personal knowledge of the facts in this case, and that the Moving Defendants failed to comply with their obligations under the Note and Mortgage by failing to make the required monthly payments after April 2013, despite due demand from the Bank. Further, Brown described in detail the procedures that the Bank utilized for providing the Moving Defendants with legal notice of their default and providing them with an opportunity to cure.

As noted above, the Moving Defendants do not dispute any of these facts. Accordingly, in the Court's view, the Plaintiff has carried its burden of establishing, by competent documentary evidence, a prima facie foreclosure claim and presumptive entitlement to collect the overdue amount, to the extent possible through a foreclosure and sale of the Premises. See Ferro, 2015 U.S. Dist. LEXIS 22021, at *19-*20 (finding that the mortgagee had established a prima facie case of foreclosure "by submitting copies of the Note and Mortgage, executed by [the] defendant [ ] and an affidavit from one of its Senior Asset Managers with direct knowledge of the facts and circumstances of the case attesting to the defendant['s] default on the payments due" (citations omitted)); see also E. Sav. Bank, FSB v. McLaughlin, 13-cv-1108, 2013 U.S. Dist. LEXIS 185353, at *9 (E.D.N.Y. Dec. 20, 2013) (Report and Recommendation) (same), adopted, 2014 U.S. Dist. LEXIS 22283 (E.D.N.Y. Feb. 18, 2014).

### b. Proof of an Affirmative Defense

As noted above, the burden now shifts to the Moving Defendants to proffer sufficient admissible evidence to overcome the Bank's entitlement to summary judgment.

#### i. As to the Moving Defendants' Tenth Affirmative Defense

As a defense to this action, the Moving Defendants primarily contend that the Bank violated the Discharge Order by failing to amend its pleading to withdraw the Deficiency Claim. This contention is untenable, as a matter of law.

Initially, the Moving Defendants assert that the Bank "had an obligation imposed by the order of discharge to amend its prayer for relief." However, to the extent this position relies on the language of the Discharge Order, it fails because the Moving Defendants did not attach a copy of that order, or any other related evidence, to their motion papers for the Court's review. See Ferro, 2015 U.S. Dist. LEXIS 22021, at *20-*21 (finding that, where a mortgagor had failed to oppose the bank's motion for summary judgment and had "not provided any evidence in support of his affirmative defenses," his " 'affirmative defenses . . . without any additional supporting evidence, [were] legally insufficient to preclude the imposition of summary judgment' " (quoting RTC Mortgage Trust 1995-S/N1 v. Polmar Realty, Inc., 91-cv-6685, 1996 U.S. Dist. LEXIS 17757, at *12 (S.D.N.Y. Nov. 27, 1996))).

In any event, the Moving Defendants do not identify any relevant case law to support their contention. Nor has the Court's independent research revealed any authority for the proposition that a civil plaintiff's failure to amend his prayer for

relief, in order to reflect a later-issued bankruptcy order, may constitute an affirmative violation of that bankruptcy order. Further, even if the Moving Defendants' reasoning were persuasive, there is no basis for concluding that the appropriate relief for such a violation would be the dismissal of a related foreclosure action, the merits of which are uncontested.

Accordingly, the Court finds that the Moving Defendants have not sufficiently established the tenth affirmative defense as a basis for defeating the Bank's motion for summary judgment.

### ii. As to the Moving Defendants' Remaining Affirmative Defenses and Counterclaims

In its motion for summary judgment, the Bank put forth extensive legal argument in support of dismissal of the Moving Defendants' remaining twelve affirmative defenses. Nevertheless, except to the extent noted above, the Moving Defendants did not address any of these points in opposition. Therefore, the Court deems each of the Moving Defendants' remaining affirmative defenses to be abandoned and ineffective to defeat summary judgment. See Avola v. Louisiana-Pacific Corp., 991 F. Supp. 2d 381, 390 (E.D.N.Y. 2013) (granting summary judgment on five claims not directly opposed in the plaintiff's opposition papers) (citing Struthers v. City of N.Y., 12-cv-242, 2013 U.S. Dist. LEXIS 76916, at *62-*63 (E.D.N.Y. May 31, 2013); Robinson v. Roosevelt Union Free Sch. Dist., 10-cv-834, 2012 U.S. Dist. LEXIS 76524, at *18 (E.D.N.Y. May 31, 2012); Santiago v. City of N.Y., 05-CV-3668, 2009 U.S. Dist. LEXIS 30371, at *37-*38 n.20 (E.D.N.Y. Mar. 31, 2009); Williams v. British Airways, PLC, 04-cv-471, 06-cv-5085, 2007 U.S. Dist.

LEXIS 73997, at *47-*48 (E.D.N.Y. Sept. 27, 2007); Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 340 (E.D.N.Y. 2006); DeVito v. Barrant, 03-cv-1927, 2005 U.S. Dist. LEXIS 22444, at *33 (E.D.N.Y. Aug. 23, 2005); Taylor v. City of N.Y., 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way").

Based on the foregoing, the Plaintiff's motion for summary judgment, to the limited extent that it seeks an *in rem* judgment of foreclosure and sale, is granted. The Bank is requested to submit a proposed judgment consistent with this Decision and Order for the Court's review within 10 days of the date of this Order.

**C.     The Moving Defendants' Cross-Motion for Summary Judgment**

As noted above, the Moving Defendants cross-move for summary judgment on their second counterclaim, which, similar to the tenth affirmative defense, alleges that the Bank violated the Discharge Order. In this regard, in addition to alleging that this violation requires dismissal of the entire action, the Moving Defendants also contend that they are entitled to monetary damages.

For substantially the same reasons as outlined above, the Court finds the Moving Defendants' contention in this regard to be without merit. As noted above, there is no apparent legal basis for the Moving Defendants' position, and the cross-motion is unsupported by any evidence whatsoever.

In this regard, the Moving Defendants assert that the Bank's conduct "placed an unfair and improper burden on the Defendants to defend the foreclosure

13

lawsuit." This assertion is unavailing. As discussed above, the Bank has, on multiple occasions, made clear to the Moving Defendants that, in light of the Discharge Order, it does not intend to seek a deficiency judgment against them. Accordingly, the Court finds no rational basis for concluding that the Moving Defendants' have been, or are now, confused about or otherwise harmed by the Plaintiff's perceived intention to pursue the Deficiency Claim.

Accordingly, in the Court's view, the Moving Defendants have failed to proffer sufficient admissible evidence to warrant judgment in their favor, as a matter of law, and the cross-motion for summary judgment is denied.

### III. Conclusion

Based on the foregoing, the Court grants summary judgment in favor of the Plaintiff Eastern Savings Bank, N.A. and dismisses the affirmative defenses and counterclaims of the Defendants Richard A. Robinson and Gail Robinson. The Bank shall submit a proposed judgment of foreclosure and sale for the Court's review within 10 days of the date of this Order.

Further, the Court denies the Moving Defendants cross-motion for summary judgment in its entirety.

To the extent that the Plaintiff intends to pursue default judgments against the non-appearing Defendants, the case shall remain open for that limited purpose.

**SO ORDERED**

Dated:   Central Islip, New York
         February 4, 2016          */s/ Arthur D. Spatt*
                                   ARTHUR D. SPATT
                                   United States District Judge